**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


LAWRENCE DEVENSHIRE, SR.,  )
           )  Civil Action No. 2:15-cv-01197
     Plaintiff,  )
           )
     v.     )  Magistrate Judge Lisa Pupo Lenihan
           )
WARDEN WILLIE SCHOUPPE,  )
           )  ECF No. 24
     Defendant.  )
           )


## <u>MEMORANDUM OPINION</u>

   Pending before the Court is a Motion for Judgement on the Pleadings filed by Defendant

Willie Schouppe, Warden of the Beaver County Jail.  (ECF No. 24.)  For the following reasons,

the Motion will be granted.

### I.  <u>Procedural Background and Allegations</u>

   Plaintiff, Lawrence Devenshire, Sr. ("Plaintiff"), a former inmate at the Beaver County

Jail, initiated the instant prisoner civil rights action on September 15, 2015, pursuant to 42

U.S.C. § 1983. (ECF No. 1.)  In his Complaint, Plaintiff alleges a violation of his equal

protection rights when he was punished for failing to fill out a work release application while a

white inmate with the same set of circumstances was not punished. (ECF No. 3, p. 2.)  Plaintiff

also alleges a claim of sexual assault based on having to be strip searched after returning from a

job interview outside the jail. (ECF No. 3, p. 5.)  Plaintiff claims that he was made to shake his

genitals in front of a camera while female correctional officers watched. <u>Id</u>.

At an initial Case Management Conference held on March 28, 2016, Plaintiff agreed to withdraw his equal protection claim stemming from being punished for violation of the work release program. (ECF No. 18.) The Court dismissed that claim.

Defendant Willie Schouppe filed the instant Motion for Judgment on the Pleadings regarding the remaining claim on September 26, 2016. (ECF No. 24.)

## II.     <u>Standard of Review</u>

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed but within such time as to not delay the trial.  Fed. R. Civ. P. 12(c).  Judgment on the pleadings under Rule 12(c) may be granted "only if, viewing all the facts in the light most favorable to the nonmoving party, no material issue of fact remains and the moving party is entitled to judgment as a matter of law."  <u>Knepper v. Rite Aid Corp.</u>, 675 F.3d 249, 257 (3d Cir. 2012) (citing <u>Rosenau v. Unifund Corp.</u>, 539 F.3d 218, 221 (3d Cir. 2008)).  "A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion."  <u>Revell v. Port Auth. of N.Y. & N.J.</u>, 598 F.3d 128, 134 (3d Cir. 2010) (citing <u>Turbe v. Gov't of the Virgin Islands</u>, 938 F.2d 427, 428 (3d Cir. 1991)).  Thus, in this regard the standard of review is identical to that of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  <u>Turbe</u>, 938 F.2d at 428 (citations omitted).  The only notable difference is that a court, for a motion on the pleadings, may review not only the complaint but also the answer and written instruments attached to the pleadings.  <u>Brautigam v. Fraley</u>, 684 F. Supp. 2d 589, 591-92 (M.D. Pa. 201).  Despite this difference, courts in this circuit have consistently stated that the distinction between the two standards is "merely semantic."  <u>Christy v. We The People Forms &</u>

Serv. Ctrs., 213 F.R.D. 235, 238 (D. N.J. 2003); see <u>Smith v. City of Phila</u>., 345 F. Supp. 2d 482, 485 (E.D. Pa. 2004).

### III. <u>Discussion</u>

In order to establish a section 1983 claim, a plaintiff "must demonstrate a violation of a right secured by the Constitution and the laws of the United States and that the alleged deprivation was committed by a person acting under color of state law." <u>Kneipp v. Tedder</u>, 95 F.3d 1199, 1204 (3d Cir. 1996) (quoting <u>Mark v. Borough of Hatboro</u>, 51 F.3d 1137, 1141 (3d Cir. 1995)). The Supreme Court has found that visual body-cavity searches of pretrial detainees following contact visits do not violate the Fourth or Fifth Amendments. <u>Bell v. Wolfish</u>, 441 U.S. 520, 558 (1979). Balancing the legitimate security interests of the detention center against the inmate's privacy interests, such searches are not unreasonable. <u>Id</u>. The test of reasonableness requires that courts consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. <u>Id</u>. at 559. "Correctional officials have a significant interest in conducting a thorough search as a standard part of the intake process." <u>Florence v. Bd. Of Chosen Freeholders of Cty. Of Burlington</u>, 132 S. Ct. 1510, 1518 (2012). "Detecting contraband concealed by new detainees…is a most serious responsibility." <u>Id</u>. at 1519.

It is well within the legitimate security interests of the Beaver County Jail to strip search Plaintiff as he returned from a job interview outside the prison. The Court in <u>Florence</u> was concerned, *inter alia*, with contraband that may be brought into the prison from the outside by a new inmate. The interests of a detention facility to ensure that an inmate who has been outside the facility does not re-enter with contraband is analogous.

The inquiry then becomes whether having Plaintiff face a video camera observed by female correctional officers while being strip-searched renders the strip-search unreasonable. The United States Court of Appeals for the Third Circuit has yet to decide a case featuring this particular fact pattern, where a detainee is strip searched while being watched on camera by opposite-sex correctional officers. However, the reasoning found in an Eighth Circuit case is illuminating for the purposes of this case. The court in that instance found that surveillance of male prisoners by female guards at a Nebraska state penitentiary, when done on the same basis as surveillance of prisoners by male guards, was not unreasonable and did not violate any privacy interests of the prisoners. Timm v. Gunter, 917 F. 2d 1093, 1102 (8th Cir. 1990). The Eighth Circuit pointed out that visual surveillance is an essential factor in maintaining prison security. Id. at 1101. It looked at trial testimony that showed frequent inmate assaults against staff members of the prison as well as against other inmates. Id. The court concluded that whatever minimal intrusions on an inmate's privacy resulting from such surveillance are outweighed by the institution's concern for safety and also by equal employment opportunities. Id. at 1102. See also Illes v. Beard, 12-cv-0964, 2013 WL 2285565, at *6 (M.D. Pa. May 23, 2013) (granting Motion to Dismiss on claim that the plaintiff's constitutional privacy rights were violated when female staff could see him showering.) In this instance, it is clear that the jail's interest in maintaining security via video surveillance, whether monitored by male or female correctional officers, outweighs Plaintiff's privacy interests. As such, Plaintiff has failed to allege any constitutional violations.

Furthermore, Plaintiff has failed to plead any facts that show that Defendant Warden Willie Schouppe was personally involved in any alleged wrong doing. "An individual government defendant in a civil rights action must have personal involvement in the alleged

4

wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005). Here, Plaintiff has failed to allege in what way, if any, Warden Schouppe was involved in the strip-search and video surveillance episode on which his claim is based.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, the Motion for Judgment on the Pleadings (ECF No. 24) filed by Defendant Willie Schouppe will be granted. A separate Order will issue.

Dated: November 29, 2016.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

cc:  Lawrence Devenshire, Sr.
145 Orchard St.
Aliquippa, PA 15001
*Pro Se*

Counsels of record
*Via CM/ECF Electronic Mail*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA


LAWRENCE DEVENSHIRE, SR.,     )
                             )     Civil Action No. 2:15-cv-01197-LPL
            Plaintiff,     )
                             )
            v.           )     Magistrate Judge Lisa Pupo Lenihan
                             )
WARDEN WILLIE SCHOUPPE,     )
                             )
           Defendant.     )
                             )


## <u>ORDER</u>

     **AND NOW**, this 29th day of November, 2016,

     **IT IS HEREBY ORDERED** that the Motion for Judgment on the Pleadings filed

by Defendant Warden Willie Schouppe (ECF No. 24) is **GRANTED**.

     **IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

     **AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules

of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by

Rule 3 of the Federal Rules of Appellate Procedure


                            <u>/s/ Lisa Pupo Lenihan</u>

                            Lisa Pupo Lenihan
                            United States Magistrate Judge

cc: Lawrence Devenshire, Sr.
    145 Orchard St.
    Aliquippa, PA 15001
    *Pro Se*

    Counsels of record
    *Via CM/ECF Electronic Mail*